IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: | |
| CHUJKO BROTHERS, INC., | Bankruptcy No. 03-20238-MBM |
| Debtor. | |
| RPC Employer Services, Inc., Movant, | Chapter 11 |
| v. | Related to Doc. No. 126 |
| Chujko Brothers, Inc., Respondent. | |
| Chujko Brothers, Inc., Plaintiff, | Chapter 11 |
| v. | Adversary No. 05-2467-MBM |
| RPC Employer Services, Inc., Defendant. | |

## MEMORANDUM

**AND NOW**, this **17th day** of **November, 2005**, upon consideration of (a) the motion by RPC Employer Services, Inc. (hereafter "RPC") for payment of an administrative expense in the amount of $32,784.08 plus attorney's fees equal to $1,500 (Doc. No. 126), for which amounts RPC seeks payment pursuant to 11 U.S.C. §§ 507(a)(1) & 503(b)(1)(A), (b) the adversary complaint (Adv. No. 05-2467-MBM) filed by Chujko Brothers, Inc., the above-captioned debtor (hereafter "the Debtor"), wherein the Debtor seeks the recovery of amounts from RPC — apparently amounts that total in excess of $814,000 — which the Debtor contends were inappropriately charged to, and collected from, the Debtor by

RPC via a contract that existed between them both pre-petition and post-petition (hereafter "the Alleged Overcharges"), (c) the responses by the Debtor and the Chapter 11 Trustee to RPC's administrative expense motion, as well as RPC's answer to the Debtor's adversary complaint, and (d) the various exhibits introduced by both parties at trial and admitted into evidence;

and subsequent to notice and a trial on the foregoing matters held on November 7, 2005, which trial (a) concluded on such date with respect to RPC's administrative expense motion, but (b) was continued generally, by oral order of the Court after an oral agreement to such effect by the parties, with respect to the adversary proceeding regarding the Alleged Overcharges (i.e., Adversary No. 05-2467-MBM);

and so as to dispose of RPC's administrative expense motion, but only to the extent that the Court can do so without ruling on Adversary No. 05-2467-MBM,

it is **hereby determined that the Court shall issue an order that RPC's administrative expense claim is allowed, but subject to the following constraints:**

(a)   the outside limit of, that is the ceiling for, RPC's administrative expense claim is $32,534.08 rather than $32,784.08;

(b)   RPC's request to recover attorney's fees equal to $1,500 as part of its allowed administrative expense claim is denied;

(c)   the allowance of the risk/claims management fees built into that portion of

AO 72A
(Rev. 8/82)

RPC's administrative expense claim that represents a recovery for State Unemployment Taxes (hereafter "SUTA") and Workers Compensation Premiums (hereafter "Workers Comp") that were paid by RPC on behalf of the Debtor – i.e., those fees built into the charges assessed against the Debtor of $2,337.67 for SUTA and $2,148.91 for Workers Comp – shall be deferred pending the outcome of Adversary No. 05-2467-MBM;

(d) the floor for RPC's administrative expense claim shall thus equal some amount between $28,047.50 [i.e., $32,534.08 – ($2,337.67 + $2,148.91)] and $32,534.08; and

(e) payment shall not be made on any part of RPC's allowed administrative expense claim until after the Court finally determines the full amount of such claim or, put differently, such payment shall not be made until after the Court finally resolves Adversary No. 05-2467-MBM.

The rationale for the Court's ruling is set forth below.

The Court rules that RPC's administrative expense claim is allowed as set forth above given the following factual findings and legal conclusions that are made by the Court:

(1) The parties entered into a services contract at some point in 1998 (hereafter "the Services Contract"), regardless of whether the written agreement a copy of which constitutes RPC's Trial Exhibit 1 was actually executed by the parties – the parties had, from such point, at least an implied-in-fact contract;

(2) The terms of the Services Contract are pertinently similar, if not identical,

3

to the terms set forth in the written agreement a copy of which constitutes RPC's Trial Exhibit 1;

(3) The Services Contract was changed by agreement of both parties in or about August 2002, regardless of the fact that such modification was not reduced to an executed written document to such effect such as, for instance, the written agreement dated August 20, 2002, a copy of which constitutes RPC's Trial Exhibits 2 & 3 – the parties had, from such point, an implied-in-fact contract with such modification (hereafter "the Implied-In-Fact Amended Contract");

(4) The terms of the Implied-In-Fact Amended Contract are pertinently similar, although not identical, to the terms set forth in the unexecuted written agreement a copy of which constitutes RPC's Trial Exhibits 2 & 3;

(5) The Court's factual finding contained in the preceding paragraph (4) follows because the parties operated as if the terms of the Implied-In-Fact Amended Contract were so pertinently similar – for instance, the parties operated under the reduced fee structure contained in the aforementioned unexecuted written agreement (reduced as compared to that which had applied under the initial Services Contract), and the parties operated as if the employees who worked for the Debtor were now the Debtor's employees;

(6) Since a term of the Implied-In-Fact Amended Contract was that the employees who worked for the Debtor (who were the subject of those payroll-related services which RPC performed for the Debtor pursuant to

AO 72A
(Rev. 8/82)

such contract) were actually the Debtor's employees, that the payroll which RPC funded on January 10, 2003 (which funding is the genesis for RPC's instant administrative expense claim) was for services that such employees performed pre-petition (i.e., pre-January 7, 2003) is irrelevant – what matters instead, for purposes of resolving whether RPC is entitled to an administrative expense for funding such payroll, is (a) when RPC itself provided its payroll-related services to the Debtor, which date was essentially on January 10, 2003, when RPC funded the payroll, (b) the date that RPC's contractual claim against the Debtor for reimbursement of such funding arose, which date was January 9, 2003, and (c) that the accrual of such contractual reimbursement claim in RPC's favor occurred post-petition (i.e., two days after January 7, 2003);

(7)  Because RPC's aforesaid contractual reimbursement claim against the Debtor arose two days subsequent to January 7, 2003 (i.e., the date upon which the Debtor's bankruptcy petition was filed), such claim necessarily arose post-petition and, thus, must be allowed as an administrative expense;

(8)  It matters not, with respect to the Court's conclusion contained in the preceding paragraph (7), that the Debtor apparently attempted to satisfy RPC's aforesaid reimbursement claim with post-dated checks dated January 10, 2003, which post-dated checks were perhaps delivered to RPC pre-petition – the Court so concludes because RPC's entitlement to such checks did not arise until January 9, 2003, or post-petition;

AO 72A
(Rev. 8/82)

(9) With respect to the extent to which the Court shall allow RPC's aforesaid administrative expense claim, the most for which such claim can be allowed equals $32,534.08 rather than $32,784.08 – the Court so concludes because RPC's own invoice that is supportive of its administrative expense claim, which invoice constitutes RPC's Trial Exhibit 6, sets forth a total amount due from the Debtor of $32,534.08 rather than $32,784.08; and

(10) The attorney's fees in the amount of $1,500 for which RPC seeks a recovery as an administrative expense do not constitute an administrative expense, and thus may not be allowed as a part of RPC's administrative expense claim – the Court so concludes because the incurrence of such fees by RPC did nothing to preserve the Debtor's bankruptcy estate.

In light of all of the foregoing, the Court determines that it shall issue an order that RPC's administrative expense claim is allowed, but subject to the five constraints as set forth above.

BY THE COURT

*[signature]*
M. BRUCE McCULLOUGH,
U.S. Bankruptcy Judge

AO 72A
(Rev. 8/82)

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| IN RE: : | |
| : | |
| **CHUJKO BROTHERS, INC.,** : | |
| : | **Bankruptcy No. 03-20238-MBM** |
| Debtor. : | |
| : | |
| **RPC Employer Services, Inc.,** : | |
| Movant, : | **Chapter 11** |
| : | |
| v. : | **Related to Doc. No. 126** |
| : | |
| Chujko Brothers, Inc., : | |
| Respondent. : | |
| : | |
| Chujko Brothers, Inc., : | |
| Plaintiff, : | **Chapter 11** |
| : | |
| v. : | **Adversary No. 05-2467-MBM** |
| : | |
| RPC Employer Services, Inc., : | |
| Defendant. : | |

## ORDER OF COURT

AND NOW, this **17th day** of **November, 2005**, for the reasons set forth in the accompanying Memorandum of the same date, it is **hereby ORDERED, ADJUDGED, AND DECREED** that **the administrative expense claim of RPC Employer Services, Inc. (hereafter "RPC") is ALLOWED, but subject to the following constraints:**

(a) the **outside limit** of, that is the **ceiling** for, RPC's administrative expense claim is **$32,534.08** rather than $32,784.08;

(b) RPC's request to recover **attorney's fees** equal to $1,500 as part of its allowed administrative expense claim is **denied**;

(c) the allowance of the risk/claims management fees built into that portion of RPC's administrative expense claim that represents a recovery for State Unemployment Taxes (hereafter "SUTA") and Workers Compensation Premiums (hereafter "Workers Comp") that were paid by RPC on behalf of Chujko Brothers, Inc., the instant debtor (hereafter "the Debtor") – i.e., those fees built into the charges assessed against the Debtor of **$2,337.67 for SUTA and $2,148.91 for Workers Comp** – shall be **deferred** pending the outcome of Adversary No. 05-2467-MBM;

(d) the **floor** for RPC's administrative expense claim shall thus equal some amount **between $28,047.50** [i.e., $32,534.08 – ($2,337.67 + $2,148.91)] and **$32,534.08**; and

(e) payment shall not be made on any part of RPC's allowed administrative expense claim until after the Court finally determines the full amount of such claim or, put differently, such payment shall not be made until after the Court finally resolves Adversary No. 05-2467-MBM.

                                            BY THE COURT

                                            /s/ M. Bruce McCullough
                                            M. BRUCE McCULLOUGH,
                                            U.S. Bankruptcy Judge

cm:

Richard R. Tarantine, Esq.
527 Court Place
Pittsburgh, PA 15219

2

Robert O Lampl, Esq.
960 Penn Avenue
Suite 1200
Pittsburgh, PA 15222

Jeffrey J. Sikirica, Esq.
121 Northbrook Drive
Gibsonia, PA 15044

FILED

NOV 17 2005

CLERK
WESTERN DISTRICT OF PENNSYLVANIA COURT